46 F.3d 1130
 Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony Leo WHITE, Plaintiff-Appellant,
v.
Donovan LEONHARDT, individually in his capacity as a member
of the Burke County Sheriff's Department,
Defendant-Appellee.
 No. 94-6577.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 5, 1994.
Decided Jan. 25, 1995.
 
 Keith McLendon Stroud, Sr., Charlotte, NC, for Appellant.
 Grady Michael Barnhill, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, NC, for Appellee.
 Mark P. Henriques, WOMBLE, CARLYLE, SANDRIDGE & RICE, P.L.L.C., Charlotte, NC, for Appellee.
 Before WILKINSON and MOTZ, Circuit Judges, and MESSITTE, United States District Judge for the District of Maryland, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiff appeals the grant of summary judgment to the defendant police officer in this Sec. 1983 excessive force case. Because the defendant reasonably believed his use of force was lawful, we affirm the judgment of the district court.
 
 I.
 
 2
 Plaintiff Anthony Leo White brought this excessive force action under 42 U.S.C. Sec. 1983 against Officer Jerry Donovan Leonhardt of the Burke County Police Department after White was shot while attempting to evade arrest during a drug transaction in Morganton, North Carolina on November 25, 1991. The events in question arose after Burke County Drug Task Force officers arranged a sting operation against White based on information provided by an informant named Robert Caldwell. Unaware that Caldwell was cooperating with authorities, White agreed to deliver three and a half pounds of marijuana to him at Freedom Park on the night of the 25th.
 
 
 3
 White arrived at the park with the drugs around 9:00 p.m., driving a white pickup truck. Officer Leonhardt and Officer Leah Caudill had White under surveillance, and followed him to the park in their unmarked truck. Several additional Task Force officers were lying in wait at the park, and they all moved in to arrest White. Leonhardt, Caudill, and another officer drove through the front entrance, pulling up in front of White's vehicle to block his exit. The other officers approached from the rear.
 
 
 4
 Some details of the ensuing confrontation are disputed. The officers claim that they activated their flashing lights and sirens as they approached White's vehicle. As they jumped out of their trucks to surround White, the officers claim they yelled "Police!" and "Freeze!" several times. White, however, claims that he did not realize the interlopers were police officers, and thought he was being robbed.
 
 
 5
 White immediately tried to flee. He backed up his truck, swerving to the left, and then accelerated forward, ramming into Leonhardt's vehicle. While White's truck was lurching around, Officer Caudill ran up and grabbed the driver's door handle. As White reversed again, Officer Leonhardt saw Caudill hanging onto the door and feared for her safety. It appeared to him that White was about to run over Caudill in his attempts to escape. White disputes this, claiming it is unclear that Caudill was in any real jeopardy. In an effort to save Caudill, Leonhardt fired his pistol into White's truck twice. The second shot struck White in the neck, causing irreparable damage to White's spinal cord. He is now quadriplegic.
 
 
 6
 White filed a complaint on November 23, 1992, alleging that Leonhardt used excessive force in violation of the Fourth Amendment's prohibition of "unreasonable seizures." Leonhardt pled qualified immunity and moved for summary judgment. The magistrate judge recommended denial of summary judgment. The district court rejected the recommendation, granting summary judgment to defendant on the grounds that the force was not excessive and that defendant was entitled to qualified immunity. This appeal followed.
 
 II.
 
 7
 Officer Leonhardt is entitled to immunity from liability for his use of force if a reasonable officer could have believed that White posed a threat of harm to others when Leonhardt fired. Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir.1991). Plaintiff argues that there are various issues of disputed fact in this case that foreclose summary judgment on qualified immunity grounds. He argues that there are disputes about whether his truck was moving forward or was in reverse when the shots were fired. He also points to disputes about whether he saw the officer's lights or heard their shouted warnings.
 
 
 8
 Plaintiff's contentions misconceive the law of qualified immunity. The immunity inquiry depends on the reasonableness of the officer's perceptions, not the plaintiff's. Gooden v. Howard County, 954 F.2d 960, 965 (4th Cir.1992) (en banc). When assessing the objective reasonableness of the officer's belief that force was lawful, courts look to the criteria outlined in Graham v. Connor, 490 U.S. 386, 396 (1989). The Graham factors include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Id. at 396.
 
 
 9
 When Leonhardt pulled the trigger, he did so because he perceived Officer Caudill to be in imminent danger of serious bodily harm. This perception was reasonable under the circumstances. First, it is clear that White was engaged in high-volume drug trafficking. Officers often face dangerous, desperate suspects when they try to make arrests in such cases. Second, White was clearly trying to "evade arrest by flight," going so far as to ram the police vehicles in his path. Finally, White's lurching vehicle posed an immediate, direct threat of serious harm to Officer Caudill. Had Leonhardt hesitated, Caudill could well have been injured or even killed. Lesser perceptions of danger have served as a basis for qualified immunity. See, e.g., Slattery, 939 F.2d at 216 (finding officer's perception that suspect was reaching for gun reasonable when suspect was in fact holding only a bottle).
 
 
 10
 The instant case is nearly indistinguishable from Drewitt v. Pratt, 999 F.2d 774 (4th Cir.1993). In Drewitt, a drunk driver was shot by an officer who was trying to stop the driver's vehicle. When the officer approached the vehicle, the driver accelerated and struck the officer, throwing him onto the hood, at which point the officer fired. The plaintiff in Drewitt argued that there were disputed facts about whether the officer could have acted differently to avoid being placed in jeopardy. Qualified immunity attached, however, because it was plain that the officer had probable cause to believe the plaintiff posed a threat of harm. Plaintiff attempts to distinguish Drewitt by arguing that, in this case, no officer was actually struck by plaintiff's vehicle. Such an argument is meritless. It cannot be the case that police officers must wait until they are struck by a suspect's fleeing car before they can employ force to protect themselves and their colleagues from harm. Officer Leonhardt acted reasonably to save a fellow officer, and we will not second-guess his judgment.
 
 III.
 
 11
 For the foregoing reasons, the district court's judgment is affirmed.
 
 
 12
 AFFIRMED.